## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER LEE BERRY,

       Plaintiff,

v.

CITY OF DETROIT, AARON LEWBER, BRYAN BOROWSKI, ERIC SCOTT, C.S. FREEMAN, E.D. PRUDHOMME, N.E. HAUPT, K.E. OLLISON, N.D. MITCHELL, A.R. SVOBODA, D. RICE, T.O. COOKS, T.T. BUTLER, A.D. REBECCA, and M. TAYLOR, in their individual and official capacities,

       Defendants.

CASE NO:

HON:

| CHRISTOPHER TRAINOR & ASSOCIATES CHRISTOPHER J. TRAINOR (P42449) AMY J. DEROUIN (P70514) JONATHAN A. ABENT (P78149) Attorneys for Plaintiff 9750 Highland Road White Lake, MI 48386 (248) 886-8650 / (248) 698-3321-fax shanna.suver@cjtrainor.com amy.derouin@cjtrainor.com jon.abent@cjtrainor.com | |
| --- | --- |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

    **NOW COMES** Plaintiff, **CHRISTOPHER LEE BERRY,** by and through

his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his

Complaint against the above-named Defendants states as follows:

1

1.   Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.   Defendant CITY OF DETROIT is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3.   Defendants LEWBER, BOROWSKI, SCOTT, FREEMAN, PRUDHOMME, HAUPT, OLLISON, MITCHELL, SVOBODA, RICE, COOKS, BUTLER, REBECCA, and TAYLOR were and/or are police officers employed by Defendant CITY OF DETROIT and/or the City of Detroit Police Department and were acting under the color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

4.   All relevant events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

5.   This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as they apply to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On the morning of November 12, 2021, City of Detroit Police Officers including, but not limited to, Defendants LEWBER and BOROWSKI, arrived at Plaintiff's home in response to a 911 call.

10. Defendants LEWBER and/or BOROWSKI advised Plaintiff that he was being placed under arrest.

11. Plaintiff requested that, given the weather, he be allowed to put on his boots.

12. While Plaintiff was attempting to put on his boots inside his home, Defendants LEWBER and/or BOROWSKI pushed Plaintiff, face-first, violently against the wall, and repeatedly slammed Plaintiff, face-first, into the wall.

13. Defendants LEWBER and/or BOROWSKI then grabbed Plaintiff by the wrist and pushed him face-down onto the floor.

14.     Plaintiff was pulled to his feet, and escorted to a Detroit Police squad vehicle outside of his home.

15.     At some point during the aforementioned events, Plaintiff was placed into handcuffs.

16.     Plaintiff was then escorted to the squad vehicle by another Detroit Police Officer; upon information and belief, one of the other individual Defendants.

17.     This other Detroit Police Officer slammed the handcuffed Plaintiff face-first into the side of the squad vehicle.

18.     During the aforementioned events, numerous Detroit Police Officers including, but not limited to, Defendant FREEMAN and the other individual Defendants named herein, arrived at the scene and did nothing to prevent and/or alleviate the unreasonable and/or excessive force used against Plaintiff.

19.     Plaintiff was transported to Ascension St. John Hospital for treatment of the injuries inflicted upon him at the hands of the individual Defendants.

20.     Plaintiff was then transported to the Detroit Detention Center.

21.     At all times during the aforementioned events, Plaintiff was compliant and non-resistant, did not attempt to flee whatsoever, and posed no threat to the individual Defendants nor anyone else.

4

22. As a direct and proximate result of Defendants' unlawful actions and/or inactions, Plaintiff sustained significant injuries and damages.

### COUNT I
### 42 U.S.C. § 1983
### VIOLATION OF THE FOURTH AMENDMENT
### EXCESSIVE FORCE/FAILURE TO INTERVENE
### ALL INDIVIDUAL DEFENDANTS

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

25. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

26. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

27. Defendants violated Plaintiff's Fourth Amendment right to be free from the use of unreasonable and/or excessive by using such force against him during the events on November 12, 2021, including, but not limited to, the following:

5

a. Defendants LEWBER and/or BOROWSKI violated Plaintiff's Fourth Amendment right to be free from the use of unreasonable and/or excessive force when he (or they) slammed Plaintiff repeatedly face-first into the wall of his home with no justification whatsoever.

b. Defendants LEWBER and/or BOROWSKI further violated Plaintiff's Fourth Amendment right to be free from the use of unreasonable and/or excessive force when he (or they) grabbed Plaintiff by the wrist and pushed him face-down onto the floor.

c. Another Detroit Police Officer further violated Plaintiff's Fourth Amendment right to be free from the use of unreasonable and/or excessive force when he or she slammed the handcuffed Plaintiff face-first into the Detroit Police squad vehicle.

28. At all relevant times, Plaintiff was not committing a crime, serious or otherwise, did not pose a threat to Defendants nor anyone else, nor was Plaintiff attempting to flee or otherwise resist arrest.

29. Defendants observed and/or had reason to know that excessive would be, or was being, used against Plaintiff.

30. Defendants had both the opportunity and the means to prevent the use of excessive force against Plaintiff, yet failed to do so.

6

31.     The actions and/or inactions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

32.     Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights to be free to unreasonable searches and seizures including, but not limited to, be free from the use of excessive force.

33.     As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT II**
**CONSTITUTIONAL VIOLATIONS**
**DEFENDANT CITY OF DETROIT**

34.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

7

35. Defendant CITY OF DETROIT permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights as complained of herein.

36. These customs, practices, and/or policies included, but were not limited to, the following:

   a.   Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

   b.   Failing to adequately train and/or supervise its police officers regarding the proper use of force;

   c.   Failing to adequately train and/or supervise its police officers regarding the proper action and/or intervention to be taken when witnessing the use of excessive and/or unreasonable force by fellow police officers;

   d.   Failing to adequately supervise, review, and/or discipline police officers whom Defendant CITY OF DETROIT knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in unlawful conduct.

37. Defendant CITY OF DETROIT's conduct was so reckless so as to demonstrate deliberate indifference for whether an injury resulted.

38.   Defendant CITY OF DETROIT's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

39.   The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's constitutional rights; and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

 **s/ Jonathan A. Abent**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated: February 2, 2024
*JAA*

9

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER LEE BERRY,

      Plaintiff,

v.                                  CASE NO:
                                       HON:

CITY OF DETROIT, AARON LEWBER, BRYAN BOROWSKI, ERIC SCOTT, C.S. FREEMAN, E.D. PRUDHOMME, N.E. HAUPT, K.E. OLLISON, N.D. MITCHELL, A.R. SVOBODA, D. RICE, T.O. COOKS, T.T. BUTLER, A.D. REBECCA, and M. TAYLOR, in their individual and official capacities,

      Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, **CHRISTOPHER LEE BARRY**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

 s/ Jonathan A. Abent
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated: February 2, 2024
*JAA*

11